NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID R. PRIEST,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>D. HOLBROOK, Superintendent; et al.,<br><br>　　　　　Defendants-Appellees. | No. 18-35018<br><br>D.C. No. 2:17-cv-00133-JLQ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted October 22, 2018[**]

Before:　SILVERMAN, GRABER, and GOULD, Circuit Judges.

David R. Priest, a Washington state prisoner and member of the Colville

Indian tribe, appeals pro se from the district court's judgment dismissing his action

under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons

Act ("RLUIPA") alleging that defendants' confiscation of his golden eagle feathers

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violated his First Amendment right to free exercise of his Native American religion and his rights under RLUIPA. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We reverse and remand.

The district court dismissed Priest's free exercise claim on the ground that Priest failed to allege a substantial burden to the practice of his religion. However, Priest alleged that the prison confiscated his sacred golden eagle feathers, he was unable to secure any additional feathers while incarcerated, and as a result he was unable to participate in Native American religious ceremonies in accordance with his religious beliefs. Liberally construed, these allegations were "sufficient to warrant ordering [defendant] to file an answer." *Wilhelm*, 680 F.3d at 1116; *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (elements of a free exercise claim). Furthermore, contrary to the district court's holding, Priest's free exercise claim is not barred even if state remedies exist for the loss of property. *See Wood v. Ostrander*, 851 F.2d 1212, 1215 (9th Cir. 1988) ("[T]he existence of state remedies is irrelevant . . . where the plaintiff alleges a violation of a substantive right under . . . the Bill of Rights . . . ."). We reverse and remand Priest's free exercise claim for further proceedings consistent with this disposition.

The district court dismissed Priest's RLUIPA claim on the ground that money damages are not available as a remedy for RLUIPA violations. However,

in addition to monetary relief, plaintiff also requested "such other relief as it may appear plaintiff is entitled to." Because the relief Priest seeks is not limited to monetary relief, we reverse dismissal of Priest's RLUIPA claim and remand for the district court to consider the merits of this claim in the first instance.

**REVERSED and REMANDED.**

18-35018